<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ALONZO JENKINS,<br>LEON FIELDS, | : | Civil No. 08-5720 (DMC) |
| Plaintiffs, | : | **OPINION** |
| v. | : | |
| JON S. CORZINE, et al., | : | |
| Defendants. | : | |

**APPEARANCES**:

> ALONZO JENKINS, #296308
> LEON FIELDS, #230203B
> Northern State Prison
> P.O. Box 2300
> Newark, New Jersey 07114-2300

<u>CAVANAUGH, District Judge</u>

Plaintiffs, prisoners incarcerated at Northern State Prison, seek to file a Complaint alleging violation of constitutional rights pursuant to 42 U.S.C. § 1983, on their own behalf and on behalf of other similarly situated inmates. This Court will grant the in forma pauperis application of Alonzo Jenkins and direct the Clerk to file the Complaint on his behalf.[1] As required by 28 U.S.C. § 1915(e)(2)(B), this Court has screened the Complaint for dismissal and, for the reasons set forth below, will dismiss the Complaint.

---

[1] As Leon Fields neither prepaid the $350.00 filing fee nor submitted an application to proceed in forma pauperis, this Court will not direct the Clerk to file the Complaint on his behalf. Because this Court is dismissing the Complaint, it is not necessary to address whether the action can be brought as a class action.

## I.  BACKGROUND

Plaintiff sues several New Jersey officials for violation of his constitutional rights under 42 U.S.C. § 1983.  He asserts the following facts, which this Court is required to regard as true for the purposes of this review.  See Stevenson v. Carroll, 495 F. 3d 62, 66 (3d Cir. 2007). Plaintiff asserts that on July 22, 2008, he appeared before the Institutional Classification Committee, chaired by defendant Frank Pedalino, for his annual review.  Plaintiff alleges that the committee denied Plaintiff's request for full minimum custody status on the ground that he was ineligible due to a 24-year-old expired arson conviction, but granted gang minimum status. Plaintiff thereafter appealed the denial of full minimum custody status to defendant Governor Corzine and defendant Simeon Moss (chairman of the board of trustees for the New Jersey Department of Corrections).  Plaintiff alleges that he also submitted an inmate remedy form regarding the matter; his remedy and appeals were denied on the ground that he was previously convicted of arson.  Plaintiff asserts that, as a result of the denial of full minimum custody status, he cannot participate in many rehabilitation programs, services, activities, and advantages. Plaintiff contends that the denial of full minimum custody status imposes an atypical and significant hardship on him in violation of the Second Chance Act of 2007 and the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

## II.  STANDARD FOR SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or

entity. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "must contain (1) a short and plain statement of the grounds of the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . ."  Fed. R. Civ. P. 8(a).  Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required."  Fed. R. Civ. P. 8(d).

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  As for failure to state a claim, the United States Court of Appeals for the Third Circuit recently clarified the standard, in light of the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), as follows:

> Thus, under our reading, the notice pleading standard of Rule 8(a)(2) remains intact, and courts may generally state and apply the Rule 12(b)(6) standard, attentive to context and a[] showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests. It remains an acceptable statement of the standard, for example, that courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinker, 292 F. 3d at 374 n.7. See also Twombly, 127 S. Ct. at 1969 n.8 (citing as consistent with its rejection of the "no set of facts" language the statement that "if, in view of what is alleged, it can reasonably be conceived that the plaintiffs . . . could, upon a trial , establish a case which would

3

entitle them to . . . relief, the motion to dismiss should not have been granted") (citation omitted).

\*                              \*                              \*

The issues raised by <u>Twombly</u> are not easily resolved, and likely will be a source of controversy for years to come. Therefore, we decline at this point to read <u>Twombly</u> so narrowly as to limit its holding on plausibility to the antitrust context. Reading <u>Twombly</u> to impose a "plausibility" requirement outside the § 1 context, however, leaves us with the question of what it might mean. "Plausibility" is related to the requirement of a Rule 8 "showing." In its general discussion, the Supreme Court explained that the concept of a "showing" requires only notice of a claim and its grounds, and distinguished such a showing from "a pleader's bare averment that he wants relief and is entitled to it." <u>Twombly</u>, 127 S. Ct. at 1965 n.3. While Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because "it strikes a savvy judge that actual proof of those facts is improbable," the "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Id.</u> at 1965.

The Supreme Court's <u>Twombly</u> formulation of the pleading standard can be summed up thus: stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading state, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element . . . .

The complaint at issue in this case clearly satisfies this pleading standard, making a sufficient showing of enough factual matter (taken as true) to suggest the required elements of Phillips' claims.

<u>Phillips v. County of Allegheny</u>, 515 F. 3d 224, 233, 234-35 (3d Cir. 2008) (citation and internal quotation marks omitted); <u>see also</u> <u>Monroe v. Beard</u>, 536 F. 3d 198, 205 (3d Cir. 2008) ("To survive a motion to dismiss, a plaintiff must allege facts that raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).") (citations and internal quotation marks omitted).

4

The Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Twombly.  See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).  A pro se prisoner plaintiff needs to allege only enough factual matter (taken as true) to suggest the required elements of the claim(s) asserted, Twombly, supra.; the Court need not, however, credit a pro se plaintiff's "legal conclusions." Morse v. Lower Merion School Dist., 132 F. 3d 902, 906 (3d Cir. 1997).

### III.  DISCUSSION

Federal courts are courts of limited jurisdiction.  See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884).  "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986).  A district court may exercise original jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.  Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

A.  Minimum Custody Classification

Plaintiff complains that the denial of minimum custody status violates the Second Chance Act of 2007 and due process.  This Court has reviewed the Second Chance Act of 2007, Pub. L. No. 110-199, 122 Stat. 657 (2008), and found no support for Plaintiff's contention that the failure to classify him as minimum custody status violates the Act.

The Due Process Clause of the Fourteenth Amendment of the Constitution of the United States provides: "[N]or shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV.  To analyze a procedural due process claim, the first step is to decide whether the person was deprived of a liberty or property interest protected by due process. See Fuentes v. Shevin, 407 U.S. 67 (1972).  Only if the answer is yes, is the second step, determining what process is due, necessary. See Morrissey v. Brewer, 408 U.S. 471 (1972).

Liberty interests protected by the Due Process Clause of the Fourteenth Amendment may arise under that clause itself or be created by mandatory language in state statutes or regulations. See Sandin v. Conner, 515 U.S. 472, 483-484 (1995).  But "the Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." Id. at 478.  "As long as the conditions or degree of confinement to which the prisoner

6

is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Montanye v. Haymes, 427 U.S. 236, 242 (1976); see also Vitek v. Jones, 445 U.S. 480, 493 (1980). A convicted inmate such as Plaintiff has no liberty interest arising by force of the Due Process Clause itself in obtaining reduced custody classification or participating in rehabilitative programs. See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Meachum v. Fano, 427 U.S. 215, 223-25 (1976); see also Hewitt v. Helms, 459 U.S. 460, 466-67 & n.4 (1983); Montanye, 427 U.S. at 242; Torres v. Fauver, 292 F.3d 141, 150 (3d Cir. 2002).

The state may also create a protected liberty interest through a mandatory statute or regulation. See Sandin, 515 U.S. at 483-84. In Sandin v. Conner, the United States Supreme Court announced that "mandatory language in a state law or regulation can create a protected liberty interest only if the alleged deprivation 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Torres v. Fauver, 292 F.3d 141, 151 (3d Cir. 2002) (quoting Sandin, 515 U.S. 484). "Moreover, the baseline for determining what is 'atypical and significant' - the 'ordinary incidents of prison life' is ascertained by what a sentenced inmate may reasonably expect to encounter as a result of his or her conviction in accordance with due process of law." Griffin, 112 F.3d at 706.

Under New Jersey law, the custody classification of inmates rests within the discretion of the Commissioner of the New Jersey Department of Corrections. See Jenkins v. Fauver, 108 N.J. 239, 252 (1987); Iverson v. N.J. Dep't of Corrections, 2006 WL 3408222 *2 (N.J. Super., App. Div., Nov. 28, 2006); Smith v. New Jersey Dept. of Corrections, 347 N.J. Super. 24, 30 (App. Div. 2001); N.J. STAT. ANN. §§ 30:4-91.1, 30:4-85. "Indeed, under New Jersey law, a reduction

in custody status is a matter of privilege, not of right." Smith, 346 N.J. Super. at 30; see also N.J.

Admin. Code § 10A:9-4.2 (New Jersey inmate has "[n]o right to reduced custody"). Moreover,

prison regulations provide that an inmate such as Plaintiff who is presently serving a sentence for

a nonarson offense but who has a prior adult conviction for arson is "eligible to be considered for

gang minimum custody status but not for full minimum custody status." N.J. Admin. Code §

10A:9-4.7(a) and (d). Under these circumstances, denial of full minimum custody status to

Plaintiff is not an "atypical and significant" hardship in relation to the ordinary incidents of

prison life under Sandin and Griffin. See Kemp v. McFarland, 149 Fed. Appx. 91 (3d Cir.

2005); Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999); Quirindongo v. Hayman, 2007

WL 4259657 *5 (D.N.J. Nov. 30, 2007); Jenkins v. Fauver, 108 N.J. 239, 253-254 (1987).

Because Plaintiff had no liberty interest in obtaining reduced custody, the denial of full minimum

custody did not violate his due process rights and the Court will dismiss the due process claim

pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon

which relief may be granted.[2]

---

[2] To the extent that Plaintiff contends that the denial of minimum custody status inflicted cruel and unusual punishments in violation of the Eighth Amendment, this claim is without merit, as nothing asserted in the Complaint indicates that he was deprived of the minimal civilized measures of life's necessities." See Padilla v. Beard, 206 Fed. Appx. 123, 125 (3d Cir. 2007); Griffin v. Vaughn, 112 F.3d 703, 709 (3d Cir. 1997).

## IV. CONCLUSION

The Court grants the application to proceed in forma pauperis of Alonzo Jenkins and dismisses the Complaint.

_____
DENNIS M. CAVANAUGH
District Judge

Dated: _____, 2008

9