UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ALONZO JENKINS,

       Plaintiff,

v.

JON S. CORZINE, et al.,

       Defendants.

Civil No. 08-5720 (DMC)

**MEMORANDUM OPINION**

This matter coming before the Court by way of Plaintiff's motion [docket entry no. 6] for reconsideration of the Order [docket entry no. 3] dismissing the Complaint for failure to state a claim upon which relief may be granted, and it appearing that:

1. Plaintiff, a New Jersey prisoner confined at Northern State Prison, filed a pro se Complaint asserting that defendants violated the Second Chance Act and the Due Process Clause by denying Plaintiff's request for full minimum custody status on the ground that Plaintiff was ineligible due to a 24-year-old expired arson conviction, but granted gang minimum status.

2. By Order and Opinion entered December 31, 2008, this Court granted Plaintiff's application to proceed in forma pauperis and dismissed the Complaint. This Court found no support for Plaintiff's contention that the failure to classify him as minimum custody status violates the Second Chance Act and determined that the Due Process claim failed because Plaintiff has no protected liberty interest in obtaining minimum custody status.

3. On April 8, 2009, the Clerk docketed Plaintiff's motion for reconsideration dated January 3, 2009. Plaintiff states:

> The plaintiff respectfully request[s] that your honor would kindly reconsider the dismissal and give the plaintiff the opportunity to

>amend his complaint. Because there is a double jeopardy violation under the fifth amendment, whereas the plaintiffs are being punish[ed] twice for the same offense by the New Jersey Department of Corrections after the plaintiff's having served their sentencing on those convictions. Also, the plaintiff[] cannot enroll into the institutional drug treatment program without having full minimum reduce[d] custody status, a measure that has been enacted into the Second Chance Act.

(Docket entry no. 6.)

4. A motion for reconsideration may be granted: (1) to correct manifest errors of law or fact upon which the judgment was based; (2) to present newly-discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) an intervening change in prevailing law. See North River Ins. Co. v. CIGNA Reinsurance Co., 52 F. 3d 1194, 1218 (3d Cir. 1995); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986).

5. Plaintiff argues that this Court should reconsider the dismissal of the Complaint because Plaintiff may be able to assert a double jeopardy claim by amending the Complaint.

6. This Court will grant the motion to reconsider and direct the Clerk to reopen the file.

7. Plaintiff argues that he should be given leave to amend the Complaint because he may be able to assert a claim that the denial of minimum custody status based on his expired arson conviction constitutes double jeopardy.

8. The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. Three separate guarantees are "embodied in the Double Jeopardy Clause: It protects against a second prosecution for the same offense after acquittal [or mistrial], against a second prosecution

for the same offense after conviction, and against multiple punishments for the same offense."[1] Justices of Boston Mun. Court v. Lydon, 466 U.S. 294, 306-307 (1984); see also Illinois v. Vitale, 447 U.S. 410, 415 (1980). The threshold question under the Clause is whether the challenged provision imposes "punishment." Artway v. Attorney General of State of N.J., 81 F.3d 1235, 1253 (3d Cir. 1966). Plaintiff's double jeopardy claim fails because the denial of minimum custody status and rehabilitative programs is not additional punishment beyond the incarceration imposed by Plaintiff's current sentence of imprisonment. Thus, it would be futile for Plaintiff to amend the Complaint to assert violation of the Double Jeopardy Clause.

9. This Court finds that the dismissal of Plaintiff's Complaint was not based on a manifest error of law or fact. This Court will again dismiss the Complaint for failure to state a claim upon which relief may be granted.

10. An appropriate Order accompanies this Memorandum Opinion.

_____
DENNIS M. CAVANAUGH, U.S.D.J.

Dated: Oct 14, 2009

---

[1] The primary goal of barring reprosecution after acquittal is to prevent the State from mounting successive prosecutions and thereby wearing down the defendant. Id.; Green v. United States, 355 U.S. 184, 187-188 (1957). The primary purpose of foreclosing a second prosecution after conviction is to prevent a defendant from being subjected to multiple punishments for the same offense. Lydon, 466 U.S. at 307.